DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Matthew Harris has appealed from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, which denied his motion for a hearing. This Court affirms.
 I {¶ 2} Appellant and Appellee, Melissa Harris nka Kreider, were previously married and had two children together. In 2001, Appellant was convicted of rape and adjudicated a sexual predator. This Court affirmed that conviction and adjudication. See State v. Harris (Aug. 1, 2001), 9th Dist. No. 00CA007691. On August 20, 2003, Appellant filed a motion for visitation with *Page 2 
the two minor children. The trial court determined that it was not in the children's best interest for Appellant to have visitation rights while he was incarcerated. This Court also affirmed that decision of the trial court. See Harris v. Harris, 9th Dist. No. 04CA008614,2005-Ohio-4538.
 {¶ 3} On May 30, 2006, Appellee filed with the trial court a notice of intent to relocate to Mississippi. In her notice, Appellee asserted that her maternal grandmother had become ill and needed someone to take of her. On October 17, 2006, Appellant filed a motion requesting a hearing on Appellee's notice of intent to relocate. On October 18, 2006, the trial court denied Appellant's motion for a hearing. Appellant has timely appealed the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO COMPLY WITH THE MANDATORY REQUIREMENT OF O.R.C. § 3109.051(G)(1) AND SERVE A COPY OF APPELLEE'S NOTICE OF INTENT TO RELOCATE UPON APPELLANT."
 {¶ 4} In his first assignment of error, Appellant has asserted that the trial court erred when it failed to comply with R.C. 3109.051(G)(1). This Court finds that Appellant's first assignment of error lacks merit.
 {¶ 5} R.C. 3109.051(G)(1) provides as follows: *Page 3 
 "If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child." (Emphasis added.)
Appellant is correct in his assertion that there is no evidence in the record which reflects that the trial court complied with R.C. 3109.051's service requirement. Appellant, however, has failed to demonstrate how this error prejudiced him.
 {¶ 6} First, R.C. 3109.051 does not grant the trial court authority to prohibit relocation by the residential parent. In re Noble (Mar. 30, 2001), 11th Dist. No. 99-T-0154, at *1; Spain v. Spain (June 21, 1995), 3d Dist. No. 8-94-30, at *2. Accordingly, the fact that Appellee has now relocated cannot be relied upon to demonstrate prejudice from the trial court's failure of service.
 {¶ 7} Moreover, under R.C. 3109.051, Appellant was permitted to file a motion for a hearing to revise the parties' parenting time schedule. Appellant filed this motion. The motion was considered by the trial court and subsequently denied. That denial is reviewed by this Court below. Accordingly, Appellant was provided an opportunity to be heard on the matter, eliminating any claim by Appellant that his due process rights were violated. Appellant, therefore, has not demonstrated prejudice with respect to the trial court's failure to serve him with *Page 4 
Appellee's notice of intent to relocate. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO SCHEDULE A HEARING ON APPELLEE'S NOTICE OF INTENT TO RELOCATE."
 {¶ 8} In his second assignment of error, Appellant has asserted that the trial court erred when it failed to hold a hearing on Appellee's notice of intent to relocate. We disagree.
 {¶ 9} In reviewing the trial court's decision on whether to hold a hearing under R.C. 3109.051(G), the appropriate standard of review is abuse of discretion. Kassavei v. Hosseinipour (June 2, 2001), 11th Dist. No. 2000-T-0132, at *2. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 10} Generally, "when a child is relocating outside the residential state of a non-custodial parent, and will reside a considerable distance from that parent, a visitation schedule previously fashioned may no longer be appropriate." Spain, supra, at *2. In the instant matter, however, Appellant has no visitation rights. In fact, this Court affirmed the trial court's denial of Appellant's petition for *Page 5 
visitation. See Harris v. Harris, 9th Dist. No. 04CA008614,2005-Ohio-4538. Specifically, we held as follows:
 "Harris' youngest child has virtually no relationship with his father while Mr. Harris' eldest child prefers to wait until his father gets out of jail to see him. Mr. Harris failed to establish that frequently transporting the children to prison until 2009 is in the children's best interest. Although Mr. Harris cannot visit with his children, the court's order permits Mr. Harris to send letters, cards, etc. to the children. We find that such interaction, while limited, is appropriate under the circumstances." Id. at ¶ 13.
It is undisputed that Appellant is still incarcerated. Both the trial court and this Court have previously determined that it was not in the best interests of the children for Appellant to have visitation rights while incarcerated. Nothing about Appellee's relocation has altered the fact that Appellant is incarcerated and nothing in Appellant's motion demonstrated or even alleged any change in circumstances that would warrant granting him visitation rights. Moreover, Appellee's relocation has not effected Appellant's limited right to send cards and letters to the children. In her notice of intent to relocate, Appellee provided her new address to the trial court. Accordingly, we cannot say that the trial court abused its discretion in finding that a hearing regarding a change in parenting time was not warranted. Appellant's second assignment of error lacks merit.
 III {¶ 11} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., CARR, J., CONCUR *Page 1